TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 93-808 |
| of | : | |
| | : | June 6, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE AD HOC COMMITTEE FOR THE DISSOLUTION OF THE ALLIANCE FOR A DEMOCRATIC CHINA, relator, has requested leave to sue in quo warranto to dissolve the ALLIANCE FOR A DEMOCRATIC CHINA, a California public benefit corporation.

CONCLUSION

Leave to sue in quo warranto to dissolve the Alliance For A Democratic China, a California public benefit corporation, is denied.

STATEMENT OF FACTS

This application for leave to sue in quo warranto is brought on behalf of two corporations, the Federation for A Democratic China ("FDC"), a French corporation, and the Chinese Alliance For Democracy ("CAD"), a New York Corporation, to dissolve the Alliance For A Democratic China ("ADC"), a California public benefit corporation.

The FDC and the CAD have chapters throughout the world, including California. Both corporations were established as a result of the Tianamen Square incidents of 1989. The members of each seek to support as a primary goal the democratization of the People's Republic of China.

In January of 1993 the FDC and the CAD convened a convention in Washington, D.C. to merge the two corporations. At the convention, individuals were selected to be the officers of a new, merged corporation to carry on the purposes of the FDC and the CAD, which would then cease to exist. When the convention adjourned, the persons selected incorporated the ADC in California in February of 1993.

STATEMENT OF ISSUES

The relator alleges that the 1993 convention in Washington, D.C. was conducted in an illegal and improper manner so as to render its results a nullity. Accordingly, it seeks leave to sue in quo warranto to dissolve the ADC as not constituting the "surviving corporation" to carry on the purposes of the ADC and the CAD. The relator also alleges that the ADC is usurping a corporate franchise in California because the proper documents were not filed with the Secretary of State and the merger was not approved by the Attorney General as required under California law.

ANALYSIS

Section 803 of the Code of Civil Procedure provides that "[a]n action may be brought by the attorney general . . . upon a complaint of a private party . . . against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise within this state." (See also Corp. Code, §§ 1801, 6510-6511.)[1]

An action in quo warranto is maintained "in the interest of the public . . . ." (67 Ops.Cal.Atty.Gen. 151, 153 (1984); see *City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 648-650.) In determining whether to grant leave to sue, this office considers: (1) whether the application has raised a substantial issue of law or fact which a court should decide and (2) whether it would be in the public interest to grant leave to sue. (See, e.g., 77 Ops.Cal.Atty.Gen. 7, 8 (1994).)

With respect to the issue of whether the 1993 convention held in Washington, D.C. was lawfully constituted, we have reviewed in detail the records and papers submitted by the parties. There can be little doubt that a substantial question of fact is presented concerning whether the convention was held in accordance with the rules established by the FDC and the CAD, particularly with regard to the validity of the credentials of numerous delegates.

As to whether the proper documents were filed with the Secretary of State for the incorporation of the ADC, the relator urges that an "agreement of merger" should have been executed and filed under the terms of section 6011. Section 6011 provides:

"The board of each corporation which desires to merge shall approve an agreement of merger. The constituent corporations shall be parties to the agreement of merger and other persons may be parties to the agreement of merger. The agreement shall state:

"(a) The terms and conditions of the merger;

"(b) The amendments, subject to Sections 5810 and 5816, to the articles of the surviving corporation to be effected by the merger, if any; if any amendment changes the name of the surviving corporation, the new name may be the same or similar to the name of a disappearing corporation, subject to subdivision (b) of Section 5122;

"(c) The amendments to the bylaws of the surviving corporation to be effected by the merger, if any;

---

[1]All references hereafter to the Corporations Code are by section number only.

"(d)     The name and place of incorporation of each constituent corporation and which of the constituent corporations is the surviving corporation;

"(e)     The manner, if any, of converting memberships of the constituent corporations into memberships of the surviving corporation; and

"(f)  Such other details or provisions as are desired, if any."

Similar provisions with respect to mutual benefit corporations are contained in sections 8010 and 8011.[2]

As to whether the Attorney General's approval of the incorporation of the ADC was necessary, the relator urges the application of section 6010. Section 6010 provides:

"(a)  A public benefit corporation may merge with any domestic corporation, foreign corporation or foreign business corporation. However, without the prior written consent of the Attorney General, a public benefit corporation may only merge with another public benefit corporation or a religious corporation or a foreign nonprofit corporation the articles of which provide that its assets are irrevocably dedicated to charitable, religious, or public purposes.

"(b)  At least 20 days prior to consummation of any merger allowed by subdivision (a), the Attorney General must be provided with a copy of the proposed agreement of merger.

"(c)  Without the prior written consent of the Attorney General, when a merger occurs pursuant to subdivision (a), each member of a constituent corporation may only receive or keep a membership in the surviving corporation for or as a result of such member's membership in the constituent corporation."

We have reviewed the records in the Secretary of State's office; they disclose that no chapter of the CAD has been incorporated in California. The FDC has one chapter that was incorporated in California on November 16, 1990, as a public benefit corporation with the stated purpose "to impart, instruct, train and develop individual knowledge and understanding of democracy and democratic principles." The ADC was incorporated as a public benefit corporation in California on February 24, 1993, for the following purposes:

"(a) to educate public about the status of human rights and democratization in China

"(b) to provide charitable support to political prisoners and dissidents in China

"(c) to coordinate such efforts of various groups."

The ADC was *not* incorporated as the result of any legal merger in this state of any corporations, foreign or domestic. It is not a "surviving corporation."

---

[2]We note parenthetically that the merger of two or more corporations into a new corporation (as was planned here) is a "consolidation." California law, however, no longer provides a separate procedure for consolidations.

It appears evident that the FDC and the CAD currently exist as corporations under the laws of France and New York and that these two organizations will continue as existing corporations pursuant to their out-of-state corporate charters irrespective of the existence of the ADC in California.

Under such circumstances, we see no public purpose to be served by the filing of a quo warranto action which would at most confirm the de facto and de jure status of the FDC, the CDC, and the ADC, and possibly involve these organizations in lengthy litigation. We note that this state could not grant an exclusive franchise to *any* corporation having the primary purpose of fostering democratic institutions in China.

We conclude that the ADC was duly incorporated as a public benefit corporation in this state without having to comply with the "merger" requirements of sections 6010 and 6011 involving the Secretary of State and Attorney General. Its purposes may be furthered irrespective of the "failed" merger convention in Washington, D.C. Which of these organizations may garner the most support for its purposes in this state or elsewhere is, in our view, a private matter between these organizations and not a matter involving the public interest in general.

Accordingly, the relator's application for leave to sue in quo warranto to dissolve the ADC, a California public benefit corporation, is denied.

\* \* \* \* \*